IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHERRY PACE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 15-0157-WS-B |
| | ) |
| NICK WILLIAMS, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Default Judgment Against Johnny Pace (doc. 21).

**I.    Background.**

Plaintiff, Sherry Pace, commenced this action by filing a Complaint (doc. 1) that recited approximately 20 causes of action against defendants, Nick Williams, Michael Goldman, Johnny Pace and Jason Pace. The basic gist of the Complaint was plaintiff's contention that "one or more of the Defendants" – including the Probate Judge of Washington County, Alabama; the "Mental Health Representative" of Washington County, Alabama; plaintiff's former husband; and her former husband's son – had acted wrongfully to cause her to be involuntarily committed on or about August 29, 2014. (Doc. 1, at 1.)

By its terms, the Complaint purported to assert each of the following claims against some unspecified constellation of one or more defendants: (i) violation of 42 U.S.C. § 1983 for "the unauthorized abduction of her person under the color of state law;" (ii) due process violations predicated on the failure of "Defendants Probate Judge Nick Williams and Washington County Mental Health Officer Michael Goldman" to "conduct[] a due process hearing;" (iii) First Amendment violations alleging that defendants retaliated against plaintiff for her "vocal criticism of the Defendant(s) in the recent past;" (iv) defamation; (v) trespass; (vi) "property destruction;" (vii) "wrongful interference with the couple's marital contract;" (viii) theft; (ix) harassment; (x) slander; (xi) libel; (xii) "wrongful personal restraint – false imprisonment –

wrongful involuntary commitment – failure to follow commitment statutes of the State of Alabama;" (xiii) "abuse of governmental power;" (xiv) mental anguish; (xv) intentional infliction of emotional distress; (xvi) fraud; (xviii) outrage; (xix) invasion of privacy; and (xx) "[p]erhaps, other municipal, state or federal law torts that Plaintiff Gary Stiff [*sic*] is unaware of at this time."  (Doc. 1, ¶¶ 15-25.)  Many of these purported causes of action are recited in the pleading as a numbered list entirely lacking in factual elaboration.  None of them distinguish between or among the defendants in any meaningful way.

To complicate matters further, three of the four named defendants are no longer in the case.  On June 16, 2015, the Court entered an Order (doc. 16) granting defendant Nick Williams' motion to dismiss on grounds of judicial immunity.  On August 25, 2015, the undersigned entered an Order (doc. 24) recognizing and giving effect to plaintiff's notice of voluntary dismissal of her claims against defendants Michael Goldman and Jason Pace, pursuant to Rule 41(a)(1)(A)(i), Fed.R.Civ.P.  As a result of these developments, the lone remaining defendant in this lawsuit is Johnny Pace, plaintiff's former husband.  The court file reflects that service of process was perfected on Johnny Pace via certified mail on April 7, 2015.  (*See* doc. 6.)  Notwithstanding service of process (Johnny Pace's signature appears on the U.S. Postal Service return receipt for the subject mailing), Johnny Pace has never appeared or defended in this case.  Now plaintiff moves for entry of a default judgment against Johnny Pace pursuant to Rule 55(b), Fed.R.Civ.P.  Although he was apparently served with a copy of the Motion for Default Judgment, Johnny Pace has not responded.

**II.    Analysis.**

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor."  *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment.").  Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure … to comply with its orders or rules of procedure."  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

The court file demonstrates that Johnny Pace has failed to appear or otherwise acknowledge the pendency of this lawsuit for more than four months after being served with

process. Ordinarily, entry of default and default judgment is appropriate where a defendant "has failed to plead or otherwise defend." Rule 55(a), Fed.R.Civ.P. Indeed, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (citations omitted). That is precisely what Johnny Pace has done here. Despite being served with process back on April 7, 2015, he has declined to appear or defend, and has thereby stopped the progress of this litigation dead in its tracks.

That said, the Court observes two significant defects in plaintiff's Motion for Default Judgment, one of them technical and the other substantive. The technical flaw is that it is improper to enter a default judgment prior to entry of a clerk's entry of default. The law is clear that "a clerk's entry of default must precede an application to the district judge for entry of default judgment." *Fun Charters, Inc. v. Vessel SHADY LADY*, 2014 WL 7336923, *1 (S.D. Ala. Dec. 19, 2014); *see also Fairman v. Hurley*, 373 F. Supp.2d 227, 231 (W.D.N.Y. 2005) ("Without first obtaining an entry of default, plaintiff cannot obtain a default judgment from this Court."); *Lewis v. Parker*, 2014 WL 3735244, *2 (E.D. Mich. June 24, 2014) ("In this case, the Clerk has not entered [a] default under Rule 55(a). Therefore, Plaintiff is not entitled to a default judgment under Rule 55(b)."). Simply put, it is improper for plaintiff to seek entry of default judgment pursuant to Rule 55(b) unless and until she has first successfully applied to the Clerk of Court for a clerk's entry of default pursuant to Rule 55(a).

The other problem with plaintiff's Motion for Default Judgment is more fundamental. It is well-settled that a plaintiff is not automatically, necessarily entitled to default judgment merely because a defendant has failed to appear. This is because a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1204 (5th Cir. 1975) (similar); *Descent v. Kolitsidas*, 396 F. Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*,

561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.").

Pursuant to these principles, the Court is obliged to review the Complaint to determine whether it states a claim against Johnny Pace. In its present incarnation, plaintiff's Complaint is a textbook example of an improper, impermissible shotgun pleading. As the Eleventh Circuit recently explained, shotgun pleadings take various forms, such as complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before," or complaints "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321-22 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another … to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Thus, at its core, the shotgun pleading doctrine is aimed at rooting out pleading practices that violate Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure.

The Complaint filed by Sherry Pace fails to give adequate notice to Johnny Pace of the claims against him or the grounds upon which each claim rests in several respects. First, Johnny Pace is named indiscriminately as a defendant with each of three other defendants in each of 20 claims and causes of action. Sherry Pace's pleading makes no attempt to delineate which claims are asserted against which defendants but instead trades in ambiguity and vagueness. For example, the Complaint alleges that "Defendant(s)" acted under guise of governmental authority to engage in "abuse of governmental power" and "unlawful and unauthorized governmental interference." But Johnny Pace is not alleged to be a governmental official. If Johnny Pace is one of the "Defendant(s)" against whom such claims are being brought – and the Complaint does not specify either way – then some additional factual predicate and specificity are needed in order to give him the fair notice to which defendants in federal court are entitled. Second, most of the Complaint appears to be directed at criticizing now-dismissed defendants (Judge Williams and Michael Goldman) for allegedly not following certain state-law procedures before having Sherry Pace involuntarily committed. What do the alleged failings of those defendants have to do with Johnny Pace? How do those alleged errors translate into a viable claim for relief against Johnny Pace? The Complaint does not say. Third, many of the claims asserted in the Complaint

are presented as a conclusory list, with no factual support whatsoever.  Thus, for example, a fair reading of the pleading provides no inkling as to how Sherry Pace maintains that Johnny Pace committed torts such as trespass, "wrongful interference with the couple's marital contract," theft, "harassment," and so on.  The reader is left to guess at which facts might or might not have anything to do with any of those claims.  Likewise, to the extent Sherry Pace might wish to proceed against Johnny Pace on a fraud theory, she has failed to plead this cause of action with the particularity required by Rule 9(b), Fed.R.Civ.P.

In short, upon performing the required review, the Court concludes that the Complaint filed in this case is an improper shotgun pleading.  It does not identify which claims Sherry Pace wishes to bring against Johnny Pace, as opposed to the other defendants.  It does not provide any factual detail to support many of those claims.  From a fair reading of the Complaint, it is virtually impossible to ascertain which allegations of fact are intended to support which claims for relief.  And the individuals against whom the bulk of plaintiff's complaints of wrongdoing appear to be directed are no longer in the case, leaving a tenuous (or at least unspecified) connection between Johnny Pace and the claims asserted against him.  The end result is that the Complaint as postured does not give Johnny Pace adequate notice of the claims against him or the grounds upon which they are based, and does not satisfy baseline requirements for entry of default and default judgment against that defendant.

In identifying these pleading defects, the Court is neither acting as an advocate for a defendant who failed to appear nor "taking sides" in the dispute.  To be clear, the Court is doing no more and no less than what the appellate courts have instructed it to do in these circumstances.  The Eleventh Circuit has firmly admonished district courts to act *sua sponte* to require repleading of improper shotgun pleadings, even where no defendant objects.  *See, e.g., Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) ("In light of defense counsel's failure to request a repleader, the court, acting sua sponte, should have struck the plaintiff's complaint … and instructed plaintiff's counsel to file a more definite statement.") (citation and internal quotation marks omitted); *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) ("if, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, ***must intervene sua sponte and order a repleader***") (emphasis added).  The Court will follow that directive here.

### III.  Conclusion.

For all of the foregoing reasons, it is **ordered** as follows:

1. The Complaint (doc. 1) is **stricken** as an improper shotgun pleading;
2. If plaintiff wishes to pursue her claims against Johnny Pace, then she must file an Amended Complaint that corrects the above-described pleading deficiencies on or before **September 15, 2015**;
3. Contemporaneously with filing her Amended Complaint, plaintiff must serve a copy of that amended pleading on defendant Johnny Pace at his address of record, and must attach a certificate of service to the Amended Complaint confirming that she has done so;
4. Defendant Johnny Pace will be allowed until **September 29, 2015** to file a response to the Amended Complaint;
5. Plaintiff's Motion for Default Judgment Against Johnny Pace (doc. 21) is **denied**, without prejudice to her ability to renew such motion after September 29, 2015, if Johnny Pace does not respond to the Amended Complaint in a timely manner; and
6. The Clerk of Court is directed to mail a copy of this Order to defendant Johnny Pace at his address of record.

DONE and ORDERED this 31st day of August, 2015.

s/ WILLIAM H. STEELE<br>
CHIEF UNITED STATES DISTRICT JUDGE