IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| SHERRY PACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 15-0157-WS-B |
| | ) | |
| NICK WILLIAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the Court *sua sponte*.

On August 31, 2015, the undersigned entered an Order (doc. 25) denying plaintiff Sherry Pace's Motion for Default Judgment against the lone remaining defendant, Johnny Pace. The August 31 Order explained in detail why the Complaint (doc. 1), in its current formulation, fails to give adequate notice to Johnny Pace of the claims against him or the grounds upon which each claim rests. That Order enumerated specific defects that rendered the pleading an improper and impermissible shotgun pleading under applicable law, such as (i) indiscriminately lumping all defendants together on all causes of action, with no factual predicate to identify supporting acts or omissions by each defendant; (ii) failing to allege any facts or explanation to establish how the Complaint's myriad claims directed at public-official defendants who are no longer part of the case might translate into viable claims against Johnny Pace (if indeed that is what plaintiff intended to do); and (iii) listing many of the 20+ asserted causes of action with no factual elaboration whatsoever. The resulting tangled mass of claims and defendants in the Complaint rendered it impossible to determine which causes of action were asserted against which defendants based on which factual allegations, all in violation of Rule 8(a)(2) of the Federal Rules of Civil Procedure.

After describing these shortcomings, the August 31 Order directed as follows: "If plaintiff wishes to pursue her claims against Johnny Pace, then she must file an Amended Complaint that corrects the above-described pleading deficiencies on or before **September 15, 2015**." (Doc. 25, at 6.) The Clerk's Office promptly mailed a copy of that ruling to Sherry Pace

at her address of record.  To date, however, she has not responded.  She has not filed an amended complaint that seeks to eradicate the shotgun pleading qualities of her original Complaint.  She has not requested additional time in which to prepare such a filing.  She has taken no action whatsoever.  The net result is that this case is six months old, yet the operative pleading falls far short of the fundamental requirement that defendant Johnny Pace be given fair notice of what legal claims are being brought against him and upon what factual grounds they rest.

In light of the foregoing circumstances, it appears that Sherry Pace has abandoned her claims in this lawsuit against the sole remaining defendant, Johnny Pace.  Even if plaintiff has not abandoned those claims, the facts remain that (i) her Complaint does not comport with basic pleading requirements under the Federal Rules of Civil Procedure, and (ii) she failed to undertake to correct these deficiencies after being alerted to them and ordered to do so.  Accordingly, this action is **dismissed without prejudice** pursuant to Rule 12(b)(6), Fed.R.Civ.P., because the Complaint fails to state a claim on which relief can be granted.  In the alternative, this action is **dismissed without prejudice** for the separate, independent reason that Sherry Pace did not comply with the August 31 Order and made no attempt to amend her pleading when its defects were pointed out to her.[1]  A separate judgment will enter.

DONE and ORDERED this 22nd day of September, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In such circumstances, district courts possess inherent power to impose reasonable sanctions, up to and including dismissal.  *See, e.g., Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("A district court need not tolerate defiance of reasonable orders."); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("A court may impose sanctions for litigation misconduct under its inherent power."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions.").  Under applicable law, of course, it is generally true that "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citation omitted).  Here, however, the August 31 Order afforded plaintiff precisely such an opportunity to amend her Complaint; however, she elected not to avail herself of same.  Besides, the dismissal of this action is without prejudice, rather than with prejudice; therefore, this ruling is consistent with the principles enunciated in *Bryant*.